IN the MATTER OF the REINSTATEMENT OF the LICENSE OF William H. WENZEL to Practice Law in Wisconsin.

Supreme Court

*No. 87–1611–D. Filed March 12, 1997.*

(Also reported in 559 N.W.2d 897.)

¶ 1. PER CURIAM. The Board of Attorneys Professional Responsibility (Board) filed a report August 16, 1996 recommending that the petition of

William H. Wenzel for the reinstatement of his license to practice law in Wisconsin, which the court revoked in 1987 as discipline for professional misconduct, be denied. Having reviewed the report of the district professional responsibility committee to which the reinstatement petition was referred for a public hearing and the adverse recommendation of that committee, the Board concluded that Mr. Wenzel failed to meet his burden under SCR 22.28[1] of demonstrating by clear and convincing evidence that his conduct while his license was revoked has been exemplary and above reproach, that he has a proper understanding of and attitude toward the standards imposed upon attorneys and that he will act in conformity with them, and that he has the moral character to practice law in this state and that his resumption of practice will not be detrimental to the bar, the administration of justice, or the public interest.

---

[1] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(4) The petition for reinstatement shall show that:

. . .

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

. . .

(6) The petitioner has the burden of demonstrating by clear and convincing evidence that the petitioner has the moral character to practice law in this state and that the petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest. The petitioner shall also demonstrate by clear and convincing evidence full compliance with the terms of the order or suspension or revocation and the requirements of SCR 22.26.

¶ 2. The Board of Bar Examiners also recommended that Mr. Wenzel's license reinstatement petition be denied, on the ground that he has not completed the requisite continuing legal education. That Board had filed a favorable recommendation in December, 1996, as Mr. Wenzel was then current with CLE requirements, but it subsequently withdrew that recommendation, as Mr. Wenzel had not provided evidence of completion of the CLE requirements for the current reporting period.

¶ 3. We determine that Mr. Wenzel has failed to satisfy his burden of establishing entitlement to license reinstatement under SCR 22.28(4) and (6). Accordingly, we deny his petition.

¶ 4. Mr. Wenzel was admitted to the practice of law in Wisconsin in 1982 and practiced in Madison. He consented to the revocation of his license in 1987 as discipline for converting client funds in his trust account and for giving false testimony under oath in the course of the Board's investigation of that misconduct. In its report, the Board made findings of fact concerning Mr. Wenzel's conduct following that revocation.

¶ 5. Mr. Wenzel was twice convicted of driving while intoxicated, once in June, 1988 and again in June, 1989. The issue of Mr. Wenzel's alcoholism had not been raised during the Board's investigation of his conduct that led to the revocation of his license, but Mr. Wenzel raised it for the first time in his reinstatement petition, asserting that his reliance on alcohol "clouded [his] judgment sufficiently to allow [him] to compromise [his] ethical and moral standards." He asserted that he had voluntarily ceased consumption of alcohol in December, 1992 and has not used it since. Other than the mandatory alcohol abuse counseling following

his OWI convictions, he has not sought or received any counseling or treatment for alcohol abuse.

¶ 6. During the reinstatement proceeding, the district committee informed Mr. Wenzel that it would be unable to assess his fitness for license reinstatement without a professional medical assessment of his alcohol addiction. At the hearing on the reinstatement petition, he presented no medical evidence but testified that the misconduct for which his license was revoked would not have occurred but for his use of alcohol. After the hearing, he provided the committee copies of the substance abuse assessments that had been done following his OWI convictions, which assessed him as having a suspected alcohol dependency. He then underwent an assessment by an addictionologist selected by the committee, who diagnosed him as having alcohol dependence in remission. That assessment did not address whether there was any relationship between Mr. Wenzel's use of alcohol and the theft of client funds and the false testimony he engaged in during 1986 and 1987. Unconvinced that Mr. Wenzel's abuse of alcohol during the time his misconduct occurred adequately explained that misconduct, the district committee opined that Mr. Wenzel appeared too ready to attribute his misconduct to alcoholism, evidencing thereby a willingness to continue denying personal responsibility for that misconduct.

¶ 7. In addition to the two OWI convictions, the Board concluded that Mr. Wenzel's default on two promissory notes and failure to pay the underlying debts for extended periods of time, notwithstanding that he had the funds to do so, demonstrated that his conduct during the license revocation was not "exemplary and above reproach." Following his discharge in bankruptcy in April, 1988, Mr. Wenzel reaffirmed his

obligation to repay a former client some $2000 that he had misappropriated. He executed a promissory note to be paid in full April 1, 1990 but defaulted. The creditor's subsequent small claims action was dismissed in 1993 upon Mr. Wenzel's stipulation for settlement, but payment in full was not made until June 15, 1995.

¶ 8. Mr. Wenzel's second default occurred on a promissory note agreeing to repay within six months a $1700 advance he had obtained from his employer in March, 1990. The employer's subsequent small claims action on the note was dismissed upon Mr. Wenzel's stipulation to repay the debt in monthly payments. When Mr. Wenzel defaulted on the terms of that settlement agreement, the creditor obtained a judgment, which was satisfied at the end of January, 1994.

¶ 9. In addition to those defaults, prior to filing his petition for license reinstatement, Mr. Wenzel had not responded to the grievances of two businesses where he had cashed four checks totaling $165 drawn on insufficient funds in his client trust account in 1987. Both businesses were repaid the principal in full by May, 1996 but neither received interest on those amounts. During the time he was in default on the promissory notes and settlements and failed to make good his NSF checks, Mr. Wenzel's annual family income ranged from $40,000 to $57,000.

¶ 10. Also, notwithstanding the assertion in his reinstatement questionnaire that he was unable to locate the current addresses of four complainants whose grievances had led to his license revocation, Mr. Wenzel stated at the reinstatement hearing that he had attempted unsuccessfully to locate them by looking for their addresses in the local telephone directory. When given a local directory at the hearing, Mr. Wenzel acknowledged that two of those complainants were

clearly listed and a third was readily ascertainable among four listings under the same surname.

¶ 11. The Board's conclusion that Mr. Wenzel failed to demonstrate by clear and convincing evidence that he had the proper understanding of and attitude toward the standards imposed on attorneys and that he will act in conformity with them is based on his belated and incomplete restitution to the victims of his prior misconduct, some of whom were left holding NSF trust account checks for up to nine years before he made payment of their face value, his lack of candor regarding his attempt to locate current addresses for others to whom he owed money, and his attempt to minimize the seriousness of his prior misconduct, in part by characterizing as "evasive" his false testimony under oath to the Board that he maintained no trust accounts and had received no client funds to be held in trust and that he held funds of two clients in his business account but withdrew them in the form of cashier's checks when the account was closed.

¶ 12. The Board also considered Mr. Wenzel's lack of candor regarding the nature of some of his employment activities following license revocation with a series of organizations concerned with agriculture and natural resources conservation. In his reinstatement petition, he described his work for two of those organizations as including the drafting of incorporation papers and corporate bylaws and making application for tax exempt status. When asked by the committee at the reinstatement hearing whether such conduct might have constituted the practice of law while his license was revoked, Mr. Wenzel asserted that his description of his employment activities was not clear and that he had not prepared any legal documents or performed any legal work for his employers.

118

Following the hearing, he submitted affidavits from legal counsel for some of those employers supporting that testimony. Nonetheless, the committee expressed concern that Mr. Wenzel attempted to distance himself from his written description of his employment activities that he had submitted with his reinstatement petition, concluding that his original written statement was more credible than his testimony that contradicted it.

¶ 13. Having reviewed the Board's findings of fact and conclusions and the extensive report submitted to the Board by the district committee following the reinstatement hearing, we determine that Mr. Wenzel has failed to meet his burden under SCR 22.28 to establish entitlement to the reinstatement of his license to practice law. While perhaps no single element of his post-revocation conduct might warrant denial of his reinstatement petition, by that conduct, taken together, he has failed to establish the requisite fitness to have his license restored at this time. Under SCR 22.28(8),[2] he may reapply for license reinstatement nine months from now.

¶ 14. IT IS ORDERED that the petition for the reinstatement of the license of William H. Wenzel to practice law in Wisconsin is denied.

[2] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(8) · If the court denies a petition for reinstatement, the petitioner may again file a petition for reinstatement commencing 9 months following the denial.